.PEOPLE *v.* WILSON.

INTOXICATING LIQUORS—SEARCH AND SEIZURE—ILLEGAL POSSESSION
—STATUTES.
   Under authority of *People* v. *Marxhausen, ante,* 559, the con-
   viction of defendant, under the "Damon Act," of having
   illegal possession of intoxicating liquors, should be re-
   versed, said act having been repealed by the "Wiley Act."

Exceptions before judgment from Chippewa; Bar-
ton, J., presiding.   Submitted January 17, 1919.
(Docket No. 127.)   Decided April 3, 1919.

John Wilson was convicted of a violation of the
liquor law.   Reversed, and defendant discharged.

*McDonald & Kaltz,* for appellant.

*Alex. J. Groesbeck,* Attorney General, and *Thomas
J. Green,* Prosecuting Attorney, for the people.

BROOKE, J.   Defendant was convicted under a com-
plaint and warrant wherein it is charged that said
defendant,—

"did then and there unlawfully possess within this
State, to-wit, the State of Michigan, certain spirituous
and intoxicating liquors, to-wit, one gallon of whiskey,
said intoxicating liquors not being then and there so
possessed for medicinal, chemical, mechanical, scien-
tific or sacramental purposes."

The evidence introduced makes it clear that the de-
fendant was in possession of the liquor in question in
his private house and that he had acquired such
possession by purchase at a time prior to the first of
May, 1918, when both purchase and possession were
legal.   At the conclusion of the trial a motion was
made on behalf of the defendant for a directed ver-
dict upon the ground that the information contains

no allegation or fact constituting a crime under the laws of the State of Michigan and upon the further ground that Act No. 161 of the Pub. Acts of 1917, under which defendant was prosecuted, was repealed by Act No. 338, Pub. Acts 1917. That under the latter act possession by defendant of intoxicating liquors legally acquired prior to May 1, 1918, does not constitute a violation of any existing law. The motion was denied and defendant was convicted.

The question here involved is ruled by our decision in *People* v. *Marxhausen, ante,* 559, to which reference is made for a discussion of the applicable law.

The judgment is reversed and the defendant is discharged.

BIRD, C. J., and MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.